**Hearing Date and Time:  September 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline:  August 26, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Lisa G. Laukitis
David G. Marks

   - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Ryan T. Routh

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
Old HB, Inc.                                                 :    Case No. 12-22052 (RDD)
(f/k/a Hostess Brands, Inc.), et al.,¹                       :
                                                             :    (Jointly Administered)
                                    Debtors.                 :
                                                             :
                                                             :
-------------------------------------------------------------x
```

# NOTICE OF OBJECTION OF DEBTORS AND DEBTORS
# IN POSSESSION SEEKING TO DISALLOW CERTAIN PAID OR OTHERWISE
# SATISFIED SECURED PROPERTY TAX CLAIMS (OMNIBUS OBJECTION NO. 27)

---

[1]    The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Old HB, Inc. (f/k/a Hostess Brands, Inc.) (0322), IBC Sales Corporation (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and MCF Legacy, Inc. (0599).

## PLEASE TAKE NOTICE OF THE FOLLOWING:

1. Old HB, Inc. (f/k/a Hostess Brands, Inc.) and its five affiliated debtors and debtors in possession (collectively the "Debtors") have filed the Objection of Debtors and Debtors in Possession Seeking to Disallow Certain Paid or Otherwise Satisfied Secured Property Tax Claims (Omnibus Objection No. 27) (the "Claim Objection"), objecting to certain secured property tax claims that have been paid by the Debtors or otherwise satisfied. A copy of the Claim Objection is attached to this Notice as Annex A.

2. The Debtors filed the Claim Objection pursuant to the procedures established in the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rules 2002, 3007, 9006, 9014 and 9019, (I) Granting Relief from Certain Limitations of Bankruptcy Rule 3007 and (II) Establishing Procedures for Objecting to and Settling Non-Tort Claims (Docket No. 1244), dated July 20, 2012 (the "Claim Procedures Order").

3. **YOUR RIGHTS AND SECURED CLAIMS MAY BE DISALLOWED OR OTHERWISE AFFECTED AS A RESULT OF THE CLAIM OBJECTION. You should carefully read this Notice, the Claim Objection (and the exhibits thereto) and the Claim Procedures Order and discuss them with your attorney or representative.** If you do not have an attorney, you may wish to consult one.

4. Specifically, the Claim Objection seeks the disallowance of certain secured property tax claims because the Debtors have determined that in each instance such secured claims have been paid or otherwise satisfied. If your secured property tax claim is identified in the Claim Objection then in the service copy of this Notice being sent to you via regular mail is an excerpt of Exhibit A to the Claim Objection setting forth the relief requested by the Debtors in this Claim Objection. Complete copies of Exhibit A to the Claim Objection, which show all secured property tax claims subject to the Claim Objection, are attached to the Claim Objection itself.

5. A hearing to consider the Claim Objection (the "Hearing") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in a courtroom to be determined, 300 Quarropas Street, White Plains, New York 10601, on **September 9, 2014, at 10:00 a.m. (Prevailing Eastern Time)**.

6. If you oppose the relief sought in the Claim Objection and are unable to resolve your opposition with the Debtors before the response deadline of **August 26, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"), you must file a response (the "Response") that: (a) is in writing, with a hard copy sent to Chambers; (b) conforms to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Southern District of New York; and (c) is filed with the Bankruptcy Court and served in accordance with the Claim Procedures Order and the Administrative Order, Pursuant to Bankruptcy Rule 1015(c), Establishing Case Management and Scheduling Procedures (Docket No. 1746) (the "Case Management Order"), so as to be **actually received** by the parties on the Special Service List (as such term is defined in the Case Management Order), including the Debtors' counsel, at (i) Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: David Marks, Esq.) and (ii) Jones Day, North Point, 901 Lakeside Avenue Cleveland, Ohio 44114 (Attn: Ryan T. Routh, Esq.), **not later than the**

**Response Deadline**.

7.      If you or your designated attorney or representative do not file and serve a Response before the Response Deadline in accordance with the procedures described above, the Court may enter an order granting the relief requested in the Claim Objection without further notice or hearing.

8.      To facilitate a resolution of any Response to the Claim Objection, you are encouraged to provide in your Response the name(s), address(es), telephone number(s), facsimile number(s) and e-mail address(es) of the person(s) with the authority to reconcile, settle or otherwise resolve your opposition to the Claim Objection.

9.      The Debtors may file and serve a reply to your Response by not later than 12:00 p.m. (Prevailing Eastern Time) on the day that is three business days before the Hearing.

10.      Pursuant to Bankruptcy Rule 9014(e) and the Claim Procedures Order, the first Hearing on your Response, if any, to the Claim Objection shall not be an evidentiary hearing at which witnesses may testify.

11.      **If you do not oppose the relief sought in the Claim Objection, then you are not required to file and serve any Response or appear at the Hearing.**

12.      Electronic copies of the Claim Objection, the Claim Procedures Order, the Case Management Order and the Special Service List may be obtained from the Court's website at http://ecf.nysb.uscourts.gov or, free of charge, at http://www.kccllc.net/hostess.

Dated:  July 31, 2014
        New York, New York

Respectfully submitted,


/s/ Corinne Ball
Corinne Ball
Lisa G. Laukitis
David G. Marks
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

- and -

Ryan T. Routh
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## ANNEX A

**Hearing Date and Time:  September 9, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline:  August 26, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

---

## CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION NO. 27 SHOULD LOCATE THEIR NAMES AND CLAIMS IN <u>EXHIBIT A</u> TO THE OBJECTION

---

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Lisa G. Laukitis
David G. Marks

  - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Ryan T. Routh

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
Old HB, Inc.                                :   Case No. 12-22052 (RDD)
(f/k/a Hostess Brands, Inc.), et al.,[1]    :
                                            :   (Jointly Administered)
                      Debtors.              :
                                            :
------------------------------------------------------------x
```

## OBJECTION OF DEBTORS AND DEBTORS IN POSSESSION SEEKING TO DISALLOW CERTAIN PAID OR OTHERWISE <u>SATISFIED SECURED PROPERTY TAX CLAIMS (OMNIBUS OBJECTION NO. 27)</u>

---

[1]    The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Old HB, Inc. (f/k/a Hostess Brands, Inc.) (0322), IBC Sales Corporation (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and MCF Legacy, Inc. (0599).

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Old HB, Inc. (f/k/a Hostess Brands, Inc.) and its five domestic direct and indirect

subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully

represent as follows:

### Background

1.      On January 11, 2012 (the "Petition Date"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been

consolidated and are being administered jointly for procedural purposes only.

2.      The Debtors are authorized to continue to operate their business and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      On July 6, 2012, the Debtors filed the Motion of Debtors and Debtors in

Possession, Pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy

Rules 2002, 3007, 9006, 9014 and 9019, for an Order (I) Granting Relief from Certain

Limitations of Bankruptcy Rule 3007 and (II) Establishing Procedures for Objecting to and

Settling Non-Tort Claims (Docket No. 1197) (the "Claim Procedures Motion").  On July 20,

2012, the Court entered an order approving the Claim Procedures Motion (Docket No. 1244)

(the "Claim Procedures Order").  Among other things, the Claim Procedures Order approved

certain (a) modifications to Rule 3007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"); and (b) procedures for the filing and prosecution of objections to non-

tort claims filed or scheduled in these chapter 11 cases (the "Claim Objection Procedures").

4.      On November 16, 2012, the Debtors filed a motion seeking authority to wind down their businesses and various related relief (Docket No. 1710) (the "Winddown Motion").  After hearings on November 19, 2012, November 21, 2012 and November 29, 2012, the Court entered a final order approving the Winddown Motion on November 30, 2012 (Docket No. 1871).  The Debtors are now pursuing an orderly winddown of their businesses and concluding the sale and liquidation of substantially all of their assets in chapter 11.

## The Debtors' Secured Claims

5.      At the commencement of these chapter 11 cases, the Debtors maintained four separate prepetition secured lending facilities with a total aggregate secured indebtedness of approximately $861 million as of the Petition Date (the "Prepetition Secured Debt").  Pursuant to the terms of these secured lending facilities, virtually all of the Debtors' assets were, and continue to be, encumbered by liens.

6.      To date, essentially all of the Debtors' assets have been sold in accordance with the Winddown Order, and the proceeds from such sales have allowed the Debtors to pay their postpetition funded secured debt and the majority of the Prepetition Secured Debt in full; however, the Debtors believe that it is unlikely that they ultimately will be able to satisfy the entirety of their fourth lien Prepetition Secured Debt and begin to make payments to junior creditors.

7.      In addition to the Prepetition Secured Debt, certain proofs of claim and/or administrative claim request forms filed in these chapter 11 cases assert secured status, with liens that potentially are senior to the liens of the holders of Prepetition Secured Debt.  With this in mind, the Debtors undertook a review of such claims to assess the validity of each claim's secured status.  As a result of this review, the Debtors identified certain claimants that asserted

secured property tax claims against one or more Debtors that the Debtors believe have been paid or otherwise satisfied (the "Satisfied Claims").

## Jurisdiction

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Requested Relief

9.      Pursuant to sections 101 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and the Claim Procedures Order, the Debtors hereby seek the entry of an order disallowing and expunging the secured portion of each Satisfied Claim identified on Exhibit A attached hereto and incorporated herein by reference.  The Declaration of Tom Apel, filed in support of this Objection, is attached hereto as Exhibit B and incorporated herein by reference. A proposed form of order is attached hereto as Exhibit C.

## Request to Disallow the Secured Portion of the Satisfied Claims

10.      In connection with the Debtors' review of their applicable books and records and analysis of the alleged underlying liabilities, the Debtors have determined that the secured portion of each Satisfied Claim asserts prepetition and/or postpetition secured tax liabilities that were paid or otherwise satisfied, to the extent valid.  In particular, the secured portion of each of the Satisfied Claims identified on Exhibit A was paid or otherwise satisfied in the manner described therein.

11.      The cover page of Exhibit A lists all of the taxing authorities identified on the subsequent pages in state alphabetical order, along with the page number of the Exhibit in which their claim information is provided.  After the cover page, only one Taxing Authority is identified per page.  On each page, the Debtors have identified on the top half of the page all

relevant proofs of claim that the Taxing Authority has filed that relate in any way to real or

personal property tax matters.  On the bottom half of the page, the Debtors have identified all of

the payments that have been made to the Taxing Authority that relate to the claimed real or

personal property taxes.[2]

12.    For each Satisfied Claim, the Debtors have listed one or more "Sale

Closing Dates" or "Lease Termination Dates," as applicable.  These refer to the date when the

Debtors either sold the property subject to tax or terminated their lease of the location where the

owned personal property that is being taxed was located.  The Debtors believe that all secured

taxes that relate to periods prior to these dates have by this point in time been paid or otherwise

satisfied, and that any secured taxes owed subsequent to these dates are not the responsibility of

the Debtors to pay.

13.    With respect to the Satisfied Claims identified on Exhibit A, in many

cases, the identified payments were made on the Debtors' behalf by parties other than the

Debtors.  In some instances, property tax payments were made by title companies at the closing

of the sales of the real or personal property.  In other instances, such payments were made by the

buyer of the property (who was reimbursed by the Debtors for the Debtors' pro-rated share of the

applicable tax bills) or by the successor to the buyer of the property.

14.    As is clear from Exhibit A, the amounts asserted in the claims do not line

up perfectly with the payment amounts.  The reasons for this are varied.  In many cases,

the property taxes that were paid were paid past their due date, and thus had accumulated

undischarged penalties or interest that were not reflected in amount asserted in the proof of

---

[2]    As such, claims filed by Taxing Authorities solely for taxes that are not property taxes are not identified in
Exhibit A.  In addition, in some states, certain kinds of property taxes are not secured by a statutory lien.  In
instances where a Taxing Authority has asserted both secured and unsecured claims in the same proof of
claim, the Debtors have only paid the secured portion and are only asserting by this Objection that the
secured portion of the proof of claim should be disallowed as paid.

claim.  In other instances, the property taxes asserted in the proof of claim were estimated or

based upon prior years' figures and an updated tax amount was later provided to the Debtors.

In other instances, the amount paid was for an overlapping, but different, time period from what

was asserted in the proof of claim.

15.     For all of the Satisfied Claims, the Debtors have performed significant due

diligence to seek to determine the proper amount to be paid, either through telephone

conferences with the taxing authority's employees, a review of the publicly-available tax

information accessible by electronic means, a review of the tax bills provided or other means.

As such, the Debtors believe that the amounts paid accurately reflect the secured liabilities owed,

regardless of what information was included or excluded from the proofs of claim.

16.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim

against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted

liability.  See 11 U.S.C. §§ 101(5), 101(10).  By contrast, there is no right to payment—

and therefore no claim—to the extent that the asserted liability already has been paid or satisfied

or otherwise is no longer due and owing by a debtor.

17.     As described above, the Debtors believe that all valid secured obligations

of the Debtors with respect to the secured portions of the Satisfied Claims have been paid, either

by the Debtors or by some other party.  Because the Debtors have determined that each claimant

has no further  right to payment on account of the applicable portion of each Satisfied Claim,

the secured  portions of the Satisfied Claims identified on Exhibit A should now be disallowed

and expunged pursuant to section 502 of the Bankruptcy Code.

## Reservation of Rights

18.     The Debtors currently believe that they will not have sufficient funds to

make distributions to any creditors in their chapter 11 cases that are not the holders of secured

claims (unless such claims are included within the Winddown Budget). Accordingly, the

Debtors have <u>not</u> sought to reconcile the remaining portion of the Satisfied Claims, if any, to

determine whether they assert valid liabilities against the Debtors' estates for priority or general

unsecured claims and, as a result, request that any determination with respect to the correct dollar

amount of any unsecured portion of a Satisfied Claim be postponed until it is clear that a

distribution will be available to holders of such unsecured claims.

### <u>Nature of Initial Hearing</u>

19.     In accordance with paragraph 5(b)(ii) of the Claim Procedures Order and

Bankruptcy Rule 9014(e), the initial hearing with respect to this Objection scheduled for

September 9, 2014, shall not be an evidentiary hearing at which witnesses may testify.

### <u>Notice</u>

20.     Pursuant to the Claim Procedures Order and the Administrative Order,

Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case

Management and Scheduling Procedures (Docket No. 1746) (the "<u>Case Management Order</u>"),

a copy of this Objection has been provided to each affected Claimant, along with an

individualized notice of this Objection. Copies of this Objection have also been served upon the

parties identified on the Special Service List and the General Service List (as such terms are

defined in the Case Management Order). The Debtors submit that no other or further notice need

be provided.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, disallowing and expunging each Satisfied Claim; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: July 31, 2014
      New York, New York

Respectfully submitted,

/s/ Corinne Ball
Corinne Ball
Lisa G. Laukitis
David G. Marks
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

- and -

Ryan T. Routh
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**<u>EXHIBIT A</u>**

**Cover page to Exhibit A**

| Taxing Authority Name | Page No. |
|---|---|
| Bartholomew County Treasurer, Indiana | 1 |
| Clark County Treasurer, Indiana | 2 |
| Marion County Treasurer, Indiana | 3 |
| Rush County Treasurer, Indiana | 4 |
| Tangipahoa Parish Tax Collector, Louisiana | 5 |
| Detroit City Treasurer, Michigan | 6 |
| New York City Department of Finance, New York | 7 |
| Guilford County Tax Department, North Carolina | 8 |
| Allen County Treasurer, Ohio | 9 |
| Hamilton County Treasurer, Ohio | 10 |
| Ross County Treasurer, Ohio | 11 |
| Comanche County Treasurer, Barbara Burk, Oklahoma | 12 |
| Greenville Independent School District, Texas | 13 |
| Mineral Wells City, Texas | 14 |
| Mineral Wells Independent School District, Texas | 15 |
| Palo Pinto County, Texas | 16 |

**Exhibit Page No.**          | 1 |

Tax claim(s) filed by:    | Bartholomew County Treasurer, Indiana |          Sale closing date:     7/19/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Bartholomew County Treasurer, Indiana | | 440 3rd St Ste 103 | Columbus | IN | 62,421.60 | 62,421.60 | 4/6/2012 | 1461 | Secured | Interstate Brands Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$ 62,421.60** | **$ 62,421.60** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Bartholomew County Treasurer, Indiana | Flowers Foods | $        96,336.03 | 8/26/2013 |
| Bartholomew County Treasurer, Indiana | Flowers Foods | $        37,305.87 | 1/10/2014 |
| Bartholomew County Treasurer, Indiana | Flowers Foods | $        65,846.02 | 4/28/2014 |
| | | | |
| **Total payments made** | | **$     199,487.92** | |

**Exhibit Page No.** | 2

Tax claim(s) filed by: | Clark County Treasurer, Indiana          Sale closing date:   8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Clark County Treasurer, Indiana | C/O LAURA A. HARBISON | 141 EAST COURT AVE | NEW ALBANY | IN | 4,156.50 | 4,156.50 | 3/25/2013 | 22184 | Administrative | IBC Sales Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$4,156.50** | **$4,156.50** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Clark County Treasurer, Indiana | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $  9,029.70 | 9/5/2013 |
| Clark County Treasurer, Indiana | Hackman Capital Partners LLC | $  2,058.00 | 4/29/2014 |
| Clark County Treasurer, Indiana | Hackman Capital Partners LLC | $  2,058.00 | 5/12/2014 |
| | | | |
| **Total payments made** | | $  13,145.70 | |

**Exhibit Page No.** | 3

Tax claim(s) filed by: | Marion County Treasurer, Indiana          Sale closing date:          4/9/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Marion County Treasurer, Indiana | B. Darland | 200 E Washington St Ste 1041 | Indianapolis | IN | 10,349.02 | 10,349.02 | 3/27/2012 | 863 | Secured | IBC Sales Corporation |
| Marion County Treasurer, Indiana | B. Darland | 200 E Washington St Ste 1041 | Indianapolis | IN | 121,380.00 | 121,380.00 | 3/27/2012 | 868 | Secured | Interstate Brands Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | $ 131,729.02 | $ 131,729.02 | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Marion County Treasurer, Indiana | Hostess Brands LLC | $       53,297.56 | 5/10/2013 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $     131,729.02 | 5/24/2013 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $       53,297.56 | 11/12/2013 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $       47,986.50 | 5/6/2014 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $        4,196.26 | 5/16/2014 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $       51,982.93 | 7/18/2014 |
| Marion County Treasurer, Indiana | Hostess Brands LLC | $        2,754.72 | 7/22/2014 |
| **Total payments made** | | $     345,244.55 | |

Exhibit Page No. [ 4 ]

Tax claim(s) filed by: [ Rush County Treasurer, Indiana ]          Sale closing date:          8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Rush County Treasurer, Indiana | | 101 E 2nd St | Rushville | IN | 1,872.71 | 1,872.71 | 6/28/2012 | 4541 | Secured | IBC Sales Corporation |
| Rush County Treasurer, Indiana | | 101 E 2nd St | Rushville | IN | 49.90 | - | 6/28/2012 | 4541 | General Unsecured | IBC Sales Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$1,922.61** | **$   1,872.71** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Rush County Treasurer, Indiana | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $   4,029.72 | 9/6/2013 |
| Rush County Treasurer, Indiana | Hackman Capital Partners LLC or its successor | $   886.26 | 4/28/2014 |
| Rush County Treasurer, Indiana | Hackman Capital Partners LLC or its successor | $   876.26 | 5/22/2014 |
| | | | |
| **Total payments made** | | **$   5,792.24** | |

**Exhibit Page No.** | 5

**Tax claim(s) filed by:** | Tangipahoa Parish Tax Collector, Louisiana          Sale closing date:    8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Tangipahoa Parish Tax Collector, Louisiana | | PO Box 942 | Amite | LA | 36.20 | 36.20 | 3/26/2013 | 23490 | Administrative | IBC Sales Corporation |
| Tangipahoa Parish Tax Collector, Louisiana | | PO Box 942 | Amite | LA | 2,925.89 | 2,925.89 | 3/26/2013 | 23491 | Administrative | IBC Sales Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$2,962.09** | **$2,962.09** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Tangipahoa Parish Tax Collector, Louisiana | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $    2,925.89 | 9/12/2013 |
| Tangipahoa Parish Tax Collector, Louisiana | Hackman Capital Partners LLC or its successor | $    2,596.91 | 12/27/2013 |
| | | | |
| **Total payments made** | | **$    5,522.80** | |

**Exhibit Page No.** | 6 |

Tax claim(s) filed by: | Detroit City Treasurer, Michigan |        Sale closing date:    8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Detroit City Treasurer, Michigan | Attn. Mary Beth Cobbs | Law Department | Detroit | MI | 13.48 | 13.48 | 5/4/2012 | 4361 | Secured | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| Detroit City Treasurer, Michigan | Attn. Mary Beth Cobbs | Law Department | Detroit | MI | 81.86 | 81.86 | 5/4/2012 | 4365 | Secured | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
|  |  |  |  |  |  |  |  |  |  |  |
| **Total claims filed** |  |  |  |  | $   95.34 | $   95.34 |  |  |  |  |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Detroit City Treasurer, Michigan | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $   16,167.75 | 8/29/2013 |
| Detroit City Treasurer, Michigan | IBC Sales Corporation | $   398.16 | 1/29/2014 |
| Detroit City Treasurer, Michigan | IBC Sales Corporation | $   227.50 | 7/16/2014 |
|  |  |  |  |
| **Total payments made** |  | $   16,793.41 |  |

| Exhibit Page No. | 7 |
|---|---|

| Tax claim(s) filed by: | New York City Department of Finance, New York | | Sale closing date: | 4/9/2013 Hostess Brands LLC |
|---|---|---|---|---|
| | | | | 7/19/2013 Flowers Foods |

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| New York City Department of Finance, New York | Legal Affairs Division | 345 Adams Street, 3rd Floor | Brooklyn | NY | 7,266.63 | 7,266.63 | 8/13/2013 | 5733 | Secured | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| New York City Department of Finance, New York | Alan Emdin, Office of Legal Affairs | 345 Adams Street, 3rd Fl. | Brooklyn | NY | 41,850.00 | 41,850.00 | 3/20/2013 | 23489 | Administrative | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| New York City Department of Finance, New York | Legal Affairs Division | 345 Adams Street, 3rd Fl. | Brooklyn | NY | 241,331.30 | 241,331.30 | 8/13/2013 | 23590 | Administrative | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| **Total claims filed** | | | | | **$ 290,447.93** | **$ 290,447.93** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| New York City Department of Finance, New York | Paid by title company for purchaser (Royal Brothers Jamaica Realty LLC) | $ 65,220.80 | 10/11/2012 |
| New York City Department of Finance, New York | Hostess Brands LLC | $ 165,711.56 | 5/28/2013 |
| New York City Department of Finance, New York | Flowers Foods | $ 118,313.38 | 7/31/2013 |
| New York City Department of Finance, New York | First American Title Insurance Company for purchaser (Eighteen PAC Company) | $ 242,881.93 | 8/20/2013 |
| New York City Department of Finance, New York | Flowers Foods | $ 39,305.35 | 11/12/2013 |
| New York City Department of Finance, New York | Paid by purchaser (Eighteen PAC Company) or its successor | $ 87,966.95 | 1/1/2014 |
| **Total payments made** | | **$ 719,399.97** | |

**Exhibit Page No.** | 8 |

**Tax claim(s) filed by:** | Guilford County Tax Department, North Carolina |          **Sale closing date:**    8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Guilford County Tax Department, North Carolina | | PO Box 3328 | Greensboro | NC | 486.97 | 486.97 | 9/19/2013 | 5740 | Secured | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| Guilford County Tax Department, North Carolina | | PO Box 3328 | Greensboro | NC | 71.40 | - | 9/19/2013 | 5740 | General Unsecured | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| **Total claims filed** | | | | | **$  558.37** | **$  486.97** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Guilford County Tax Department, North Carolina | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $   19,986.99 | 8/29/2013 |
| Guilford County Tax Department, North Carolina | Hackman Capital Partners LLC or its successor | $        486.97 | 1/3/2014 |
| Guilford County Tax Department, North Carolina | IBC Sales Corporation | $          57.62 | 2/9/2014 |
| Guilford County Tax Department, North Carolina | IBC Sales Corporation | $          13.78 | 7/16/2014 |
| **Total payments made** | | **$   20,545.36** | |

**Exhibit Page No.** | 9 |

Tax claim(s) filed by: | Allen County Treasurer, Ohio |          Sale closing date:    8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Allen County Treasurer, Ohio | | P.O. BOX 123 | LIMA | OH | 2,852.59 | 2,852.59 | 4/16/2012 | 2648 | Secured | IBC Sales Corporation |
| **Total claims filed** | | | | | **$2,852.59** | **$2,852.59** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Allen County Treasurer, Ohio | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $    3,546.08 | 8/29/2013 |
| Allen County Treasurer, Ohio | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $    3,232.60 | 8/29/2013 |
| Allen County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $    1,565.07 | 2/4/2014 |
| Allen County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $    1,563.05 | 4/25/2014 |
| **Total payments made** | | **$    9,906.80** | |

**Exhibit Page No.** | 10 |

Tax claim(s) filed by: | Hamilton County Treasurer, Ohio |          Sale closing date:      8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Hamilton County Treasurer, Ohio | | 138 East Court Street | Cincinnati | OH | 20,706.09 | 20,706.09 | 3/26/2012 | 1026 | Secured | Interstate Brands Corporation |
| Hamilton County Treasurer, Ohio | | 138 East Court Street | Cincinnati | OH | 6,711.22 | 6,711.22 | 3/26/2012 | 1027 | Secured | IBC Sales Corporation |
| Hamilton County Treasurer, Ohio | | 138 East Court Street | Cincinnati | OH | 5,243.20 | 5,243.20 | 3/26/2012 | 1028 | Secured | IBC Sales Corporation |
| Hamilton County Treasurer, Ohio | | 138 East Court Street | Cincinnati | OH | 10,517.51 | 10,517.51 | 3/26/2012 | 1029 | Secured | IBC Sales Corporation |
| **Total claims filed** | | | | | **$ 43,178.02** | **$ 43,178.02** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Hamilton County Treasurer, Ohio | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $ 55,617.81 | 8/29/2013 |
| Hamilton County Treasurer, Ohio | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $ 47,037.59 | 9/26/2013 |
| Hamilton County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $ 12,958.49 | 1/23/2014 |
| Hamilton County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $ 3,340.40 | 1/28/2014 |
| Hamilton County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $ 5,984.00 | 2/20/2014 |
| Hamilton County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $ 6,582.40 | 5/14/2014 |
| Hamilton County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $ 16,060.67 | 6/20/2014 |
| **Total payments made** | | **$ 147,581.36** | |

**Exhibit Page No.** | 11

Tax claim(s) filed by: | Ross County Treasurer, Ohio          Sale closing date:          8/29/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Ross County Treasurer, Ohio | | 2 N. PAINT ST | CHILLICOTHE | OH | 4,131.90 | 4,131.90 | 4/2/2012 | 1268 | Secured | IBC Sales Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$4,131.90** | **$    4,131.90** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Ross County Treasurer, Ohio | Paid by First American Title Insurance Company for Hackman Capital Partners LLC | $    9,229.63 | 8/29/2013 |
| Ross County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $    2,154.08 | 1/16/2014 |
| Ross County Treasurer, Ohio | Hackman Capital Partners LLC or its successor | $    2,154.08 | 6/16/2014 |
| | | | |
| **Total payments made** | | **$   13,537.79** | |

**Exhibit Page No.**        | 12 |

Tax claim(s) filed by:   | Comanche County Treasurer, Barbara Burk, Oklahoma |          Sale closing date:    4/9/2013

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Comanche County Treasurer, Barbara Burk, Oklahoma | | 315 SW 5th St, Room 300 | Lawton | OK | 2,064.52 | 2,064.52 | 3/19/2013 | 21952 | Administrative | Old HB, Inc. (f/k/a Hostess Brands, Inc.) |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$2,064.52** | **$2,064.52** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Comanche County Treasurer, Barbara Burk, Oklahoma | Hostess Brands LLC | $          2,149.26 | 5/24/2013 |
| Comanche County Treasurer, Barbara Burk, Oklahoma | Hostess Brands LLC | $          2,056.91 | 3/11/2014 |
| | | | |
| **Total payments made** | | **$          4,206.17** | |

Exhibit Page No.        | 13 |

Tax claim(s) filed by: | Greenville Independent School District, Texas |     Lease termination date:  12/31/2012

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Greenville Independent School District, Texas | David Hudson, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | PO Box 2007 | Tyler | TX | 2,440.39 | 2,440.39 | 5/30/2012 | 4458 | Secured | IBC Sales Corporation |
| Greenville Independent School District, Texas | David Hudson, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | PO Box 2007 | Tyler | TX | 1,654.30 | 1,654.30 | 5/30/2012 | 4460 | Secured | Interstate Brands Corporation |
| Greenville Independent School District, Texas | c o Perdue Brandon Fielder Collins & Mott, LLP | PO Box 2007 | Tyler | TX | 195.08 | 195.08 | 3/18/2013 | 21817 | Administrative | IBC Sales Corporation |
| Greenville Independent School District, Texas | c o Perdue Brandon Fielder Collins & Mott, LLP | PO Box 2007 | Tyler | TX | 862.67 | 862.67 | 3/18/2013 | 21871 | Administrative | Interstate Brands Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$5,152.44** | **$5,152.44** | | | | |

**Payments**

| Claimant Name | Payor | Amount paid | | Date paid |
|---|---|---|---|---|
| Greenville Independent School District, Texas | Interstate Brands Corporation | $ | 4,189.69 | 9/3/2013 |
| Greenville Independent School District, Texas | IBC Sales Corporation | $ | 1,358.01 | 4/23/2014 |
| | | | | |
| | | | | |
| **Total payments made** | | **$** | **5,547.70** | |

Exhibit Page No. [ **14** ]

Tax claim(s) filed by: [ Mineral Wells City, Texas ]          Lease termination date:  12/31/2012

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Mineral Wells City, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 466.09 | - | 1/30/2012 | 119 | Secured | Interstate Brands Corporation |
| Mineral Wells City, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 33.07 | - | 1/30/2012 | 120 | Secured | IBC Sales Corporation |
| Mineral Wells City, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 1,849.05 | 1,849.05 | 11/26/2012 | 5263 | Secured | Interstate Brands Corporation |
| Mineral Wells City, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 28.21 | 28.21 | 11/26/2012 | 5266 | Secured | IBC Sales Corporation |
| **Total claims filed** | | | | | **$ 2,376.42** | **$ 1,877.26** | | | | |

Claim 5263 amends claim 119
Claim 5266 amends claim 120

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Mineral Wells City, Texas | Interstate Brands Corporation | $        2,928.12 | 11/25/2013 |
| Mineral Wells City, Texas | IBC Sales Corporation | $          208.18 | 4/30/2014 |
| | | | |
| | | | |
| **Total payments made** | | **$        3,136.30** | |

**Exhibit Page No.** | 15 |

Tax claim(s) filed by: | Mineral Wells Independent School District, Texas |    Lease termination date:  12/31/2012

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Mineral Wells Independent School District, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 87.40 | - | 1/30/2012 | 122 | Secured | IBC Sales Corporation |
| Mineral Wells Independent School District, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 1,231.67 | - | 1/30/2012 | 157 | Secured | Interstate Brands Corporation |
| Mineral Wells Independent School District, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 74.55 | 74.55 | 11/26/2012 | 5267 | Secured | IBC Sales Corporation |
| Mineral Wells Independent School District, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 4,969.45 | 4,969.45 | 11/26/2012 | 5268 | Secured | Interstate Brands Corporation |
| | | | | | | | | | | |
| **Total claims filed** | | | | | **$ 6,363.07** | **$ 5,044.00** | | | | |

Claim 5267 amends claim 122
Claim 5268 amends claim 157
The Claimant advised the Debtors that certain of the taxes asserted in the proof of claim 5268 were not in fact owed by the Debtors.

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Mineral Wells Independent School District, Texas | Interstate Brands Corporation | $             2,928.12 | 11/25/2013 |
| Mineral Wells Independent School District, Texas | IBC Sales Corporation | $               208.18 | 4/30/2014 |
| | | | |
| | | | |
| **Total payments made** | | $             3,136.30 | |

**Exhibit Page No.** | 16 |

Tax claim(s) filed by: | Palo Pinto County, Texas |          Lease termination date:  12/31/2012

**Claims**

| Claimant Name | Creditor Notice Name | Address | City | State | Claim Amount | Non-Duplicate Secured Claim Amount | Date Filed | Claim No. | Nature Per Claimant's Form | Debtor Name |
|---|---|---|---|---|---|---|---|---|---|---|
| Palo Pinto County, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 522.67 | - | 1/30/2012 | 118 | Secured | Interstate Brands Corporation |
| Palo Pinto County, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 37.09 | - | 1/30/2012 | 121 | Secured | IBC Sales Corporation |
| Palo Pinto County, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 1,877.55 | 1,877.55 | 11/26/2012 | 5264 | Secured | Interstate Brands Corporation |
| Palo Pinto County, Texas | Elizabeth Banda Calvo, Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | P.O. Box 13430 | Arlington | TX | 32.69 | 32.69 | 11/26/2012 | 5265 | Secured | IBC Sales Corporation |
| **Total claims filed** | | | | | **$ 2,470.00** | **$ 1,910.24** | | | | |

Claim 5264 amends claim 118
Claim 5265 amends claim 121

**Payments**

| Claimant Name | Payor | Amount paid | Date paid |
|---|---|---|---|
| Palo Pinto County, Texas | Interstate Brands Corporation | $        2,928.12 | 11/25/2013 |
| Palo Pinto County, Texas | IBC Sales Corporation | $        208.18 | 4/30/2014 |
| | | | |
| **Total payments made** | | **$        3,136.30** | |

**<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
Old HB, Inc.                                                 :    Case No. 12-22052 (RDD)
(f/k/a Hostess Brands, Inc.), *et al.*,[1]                   :
                                                             :    (Jointly Administered)
                                      Debtors.               :
                                                             :
                                                             :
-------------------------------------------------------------x

**DECLARATION OF TOM APEL**
**IN SUPPORT OF OBJECTION OF DEBTORS AND DEBTORS**
**IN POSSESSION SEEKING TO DISALLOW CERTAIN PAID OR OTHERWISE**
**SATISFIED SECURED PROPERTY TAX CLAIMS (OMNIBUS OBJECTION NO. 27)**

I, Tom Apel, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this Declaration.

2.      I submit this Declaration for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Federal Rules of Evidence in support of the Objection of Debtors and Debtors in Possession Seeking to Disallow Certain Paid or Otherwise Satisfied Secured Property Tax Claims (Omnibus Objection No. 27) (the "Objection").[2]  I have read the Objection, and I am generally familiar with the information contained therein.

3.      I am the Vice President of Tax for Debtor Old HB, Inc.  I have served in this position since October of 2010, and previously served in the same position from May 2000

---

[1]      The Debtors are the following six entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Old HB, Inc. (f/k/a Hostess Brands, Inc.) (0322), IBC Sales Corporation (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and MCF Legacy, Inc. (0599).

[2]      Capitalized terms used but not otherwise defined herein have the meanings given to them in the Objection.

to January 2006, and as Director of Tax from April 1988 through April 2000.  Among my responsibilities in this position, I am the individual at the Debtors responsible for assisting the Debtors in their review and analysis of all tax claims asserted in these chapter 11 cases and coordinating the overall tax claims reconciliation process.  The other individuals involved in this process act either (a) at my direction and under my supervision or (b) with my advice, consultation and coordination.  Accordingly, I am familiar with the relevant matters addressed herein and with the activities that have taken place to date concerning the review and analysis of the tax claims asserted in these cases, including all of the Improperly Asserted Secured Claims and circumstances described in the Objection.

4.      Except as otherwise indicated, my statements in this Declaration are based on my personal experience and knowledge as described above, my discussions with relevant personnel of the Debtors or the Debtors' advisors and my review of relevant documents, including, without limitation, the Satisfied Claims.  If called to testify, I could and would testify as stated herein.

5.      In connection with the Debtors' ongoing claims reconciliation process, I or, at my direction, my designee(s) have determined that the secured portion of each of the Satisfied Claims was paid as described in <u>Exhibit A</u> to the Objection.

6.      Specifically, the cover page of <u>Exhibit A</u> lists all of the taxing authorities identified on the subsequent pages in state alphabetical order, along with the page number of the Exhibit upon which their claim information is provided.  After the cover page, only one Taxing Authority is identified per page.  On each page, the top half of the page identifies all relevant proofs of claim that the Taxing Authority has filed that relate in any way to real or personal

property tax matters.  The bottom half of the page identifies all of the payments that have been made to the Taxing Authority that relate to the claimed real or personal property taxes.[3]

7.      For each Satisfied Claim, the relevant Exhibit lists one or more "Sale Closing Dates" or "Lease Termination Dates," as applicable.  These refer to the date when the Debtors either sold the property subject to tax or terminated their lease of the location where the owned personal property that is being taxed was located.  All secured taxes that relate to periods prior to these dates have by this point in time been paid or otherwise satisfied.  Any secured taxes that may be owed for periods subsequent to these dates are not the responsibility of the Debtors to pay.

8.      With respect to the Satisfied Claims identified on Exhibit A, in many cases, the identified payments were made on the Debtors' behalf by parties other than the Debtors.  In some instances, property tax payments were made by title companies at the closing of the sales of the real or personal property.  In other instances, such payments were made by the buyer of the property (who was reimbursed by the Debtors for the Debtors' pro-rated share of the applicable tax bills) or by the successor to the buyer of the property.

9.      As is clear from Exhibit A, the amounts asserted in the claims do not line up perfectly with the payment amounts.  The reasons for this are varied.  In many cases, the property taxes that were paid were paid past their due date, and thus had accumulated undischarged penalties or interest that were not reflected in amount asserted in the proof of claim.  In other instances, the property taxes asserted in the proof of claim were estimated or based upon prior years' figures and an updated tax amount was later provided to the Debtors.

---

[3]         As such, claims filed by Taxing Authorities solely for taxes that are not property taxes are not identified in Exhibit A.  In addition, in some states, certain kinds of property taxes are not secured by a statutory lien.  In instances where a Taxing Authority has asserted both secured and unsecured claims in the same proof of claim, the Debtors have only paid the secured portion.

In other instances, the amount paid was for an overlapping, but different, time period from what was asserted in the proof of claim.

        10.     For all of the Satisfied Claims, I or my designee(s) have performed significant due diligence to seek to determine the proper amount to be paid, either through telephone conferences with the taxing authority's employees, a review of the publicly-available tax information accessible by electronic means, a review of the tax bills provided or other means. As such, the amounts paid accurately reflect the secured liabilities owed, regardless of what information was included or excluded from the proofs of claim.

        I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  July 30, 2014

        /s/
        Tom Apel

**<u>EXHIBIT C</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
Old HB, Inc.                                                 :    Case No. 12-22052 (RDD)
(f/k/a Hostess Brands, Inc.), *et al.*,[1]                   :
                                                             :    (Jointly Administered)
                                          Debtors.           :
                                                             :
                                                             :
-------------------------------------------------------------x

### ORDER DISALLOWING CERTAIN PAID OR OTHERWISE
### SATISFIED CLAIMS INCLUDED IN OMNIBUS OBJECTION NO. 27

          This matter coming before the Court on the Objection of Debtors and Debtors in

Possession Seeking to Disallow Certain Paid or Otherwise Satisfied Secured Property Tax

Claims (Omnibus Objection No. 27) (the "Objection"),[2] filed by the debtors and debtors in

possession in the above-captioned cases (collectively, the "Debtors"); and the Court having

reviewed the Objection and the Declaration of Tom Apel in support of the Objection

(the "Declaration") and having heard the statements of counsel regarding the relief requested in

the Objection at a hearing before the Court (the "Hearing"); and the Court finding that

(i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b),

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Objection and

the Hearing was sufficient under the circumstances and in full compliance with the requirements

of the Bankruptcy Code, the Bankruptcy Rules and the Claim Procedures Order and (iv) all

---

[1]      The Debtors are the following six entities (the last four digits of their respective taxpayer identification
         numbers follow in parentheses):  Old HB, Inc. (f/k/a Hostess Brands, Inc.) (0322), IBC Sales Corporation
         (3634), IBC Services, LLC (3639), IBC Trucking, LLC (8328), Interstate Brands Corporation (6705) and
         MCF Legacy, Inc. (0599).

[2]      Capitalized terms used but not otherwise defined herein have the meanings given to them in the Objection.

secured property tax obligations payable to the taxing authorities identified on <u>Annex A</u> attached

hereto relating to the periods prior to the "Sale Closing Date" or "Lease Termination Date"

identified on the Annex page for the particular taxing authority have been paid or otherwise

satisfied and are no longer due and owing; and the Court having determined that the legal and

factual bases set forth in the Objection, the Declaration and at the Hearing establish just cause for

the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Objection is granted.

2.      The secured portion of each of the Satisfied Claims, which are the claims

identified on <u>Annex A</u> attached hereto and incorporated herein by reference, is disallowed and

expunged pursuant to section 502 of the Bankruptcy Code in its entirety.

3.      The Debtors' rights to object to the remaining portions of the Satisfied

Claims, if any, are hereby expressly preserved.

4.      The Debtors, the Debtors' claims and noticing agent, Kurtzman Carson

Consultants LLC, and the Clerk of this Court are authorized to take any and all actions that are

necessary or appropriate to give effect to this Order.

5.      Consistent with Bankruptcy Rule 3007(f), this Order constitutes a separate

order with respect to each Satisfied Claim disallowed hereby.


Dated: _____, 2014        _____
        White Plains, New York        UNITED STATES BANKRUPTCY JUDGE

ANNEX A